THE STATE OF NEVADA, Respondent, *v.* JOHN R. DARLING, Appellant.

Manner of Carrying up alleged Errors on Appeal. Alleged errors in a charge or instruction can only be brought to the attention of the Supreme Court in one of three ways: either by being embodied in a bill of exceptions, or in a settled statement, or endorsed by the judge as provided by Section 426 of the Practice Act; and unless presented in one of these ways, the Supreme Court will not notice them.

Appeal from the District Court of the First Judicial District, Storey County.

The defendant was indicted in June, 1866, for the crime of robbery committed against Patrick McCauley, at Virginia City, on May 25, 1866; and upon his trial was convicted, and afterwards sentenced to imprisonment at hard labor in the State Prison for the term of fourteen years.

The appeal was taken from the judgment. The transcript contained what purported to have been the charge of the Court below to the jury; but there was nothing to authenticate it except the endorsement of the clerk that it had been filed, and the certificate of the clerk to the transcript that it contained among other things full and correct copies of the " Instructions of Court " in the cause on file in his office.

*Aldrich and De Long* and *David E. Bailey*, for Appellant, urged that the defendant had been put upon his trial without proper preparation, and defended solely by counsel appointed by the Court, and that so little attention had been paid to the case that no bill of exceptions or statement had been made. They claimed, however, that there were flagrant errors in the charge of the Court below to the jury, and that a new trial should be awarded on account of them.

*Robert M. Clarke*, Attorney General, for Respondent.

There is nothing to show that the instructions contained in the record were ever given by the Court below to the jury. They are

authenticated not at all; neither marked " given," signed or endorsed by the Judge, nor contained in a bill of exceptions or statement.

" The appellate Court will not reverse alleged errors in instructions of the Court, unless embodied in a bill of exceptions, or there is an endorsement thereon signed by the Judge, showing the action of the Court thereon." (Practice Act, Sec. 426; *People* v. *Thompson*, 28 Cal. 215.)

By the Court, LEWIS, C. J.

The errors assigned in this case are confined to what is claimed to be the charge given by the Court below to the jury. But this Court has no authentic information that such charge was in fact given, as it is not embodied in a bill of exceptions, settled statement, nor endorsed by the Judge as required by Section 426 of the Practice Act. Errors in the charge or instructions can only be brought to the attention of the appellate Court in one of these ways.

No error which this Court can notice appearing in the record, the judgment must be affirmed.